UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| KEIMON CRAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-4022 |
| | ) | |
| CAMERON GERISCHER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently incarcerated at Pickneyville Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Fourteenth Amendment claims arising from his detention at Rock Island County Jail. The matter comes before this Court for ruling on the Defendant O'Melia's Motion for Summary Judgment, Plaintiff's Motion for Leave to File Summary Judgment, Plaintiff's Motions for Summary Judgment, and Plaintiff's Motion for Leave to File an Amended Complaint. (Docs. 154, 156, 158, 159, 162, 164).

### PRELIMINARY MATTERS

**Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 162)**

Plaintiff seeks leave to file an amended complaint to correct a factual error and to reiterate the amount of damages he is seeking. Plaintiff did not attach a proposed amended complaint to his motion as required by the Court's Scheduling Order and as instructed in the Court's orders on Plaintiff's previous motions seeking the same relief. *See* (Docs. 108, 112); Text Order entered Feb. 2, 2023. Plaintiff's motion is denied.

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**DEFENDANT O'MELIA'S MOTION FOR SUMMARY JUDGMENT (DOC. 154)**

The Court's Merit Review Order #2 found that Plaintiff stated a Fourteenth Amendment procedural due process claim against Defendant O'Melia based on Plaintiff's allegations that this defendant placed him in more restrictive confinement for no reason. (Doc. 50 at 1-2). Defendant O'Melia moves for summary judgment.

**Facts**

Plaintiff was a detainee at the Rock Island Jail ("jail"). On October 19, 2021, jail officials housed Plaintiff in P Block, an area reserved for detainees charged with or convicted of sex crimes, after the Rock Island State's Attorney charged Plaintiff criminal sexual assault and criminal sexual abuse. (Doc. 154-1 at 7); (Doc. 154-3). Jail officials house detainees so charged separately from other general population detainees because they believe the nature of these crimes subjects the detainees to a greater risk of assault. (Doc. 154-5 at 2, ¶¶ 12-14).

Between October 19-21, 2021, jail officials received information that a "feud" had developed between Plaintiff and other individuals housed on P Block. (Doc. 154-5 at 3, ¶¶ 20-21). On October 23, 2021, Plaintiff submitted a request via the electronic kiosk stating, "Racist Deck. Im just protecting myself. It was stated this is a racist deck." (Doc. 154-2 at 5). He submitted another request two minutes later stating, "If he steal my tray I have to defend myself." *Id.* According to requests Plaintiff submitted two days later, the latter request referenced an incident where another inmate tried to fight him in P Block. (Doc. 154-2 at 5) ("[I]t was a group who tried to fight me the leader said he was gone kill me and his soldiers agreed with him.").

Based on this information, jail officials reassigned Plaintiff on October 23, 2021, to a segregative housing unit used to house detainees that needed to be kept separate from other inmates, either for disciplinary reasons or for protection from other detainees. (Doc. 154-1 at 7); (Doc. 154-5 at 1-2, ¶¶ 8-9). Defendant O'Melia escorted Plaintiff to the new cell block the same day; he was not involved in the decision to reassign Plaintiff. (Doc. 154-6 at 1, ¶¶ 5-7); (Doc. 156-1 at 9, ¶ 20). Plaintiff did not receive a hearing prior to the move, nor had he been accused of violating a prison rule.

**Analysis**

Plaintiff does not have a constitutional right to be housed in a specific housing unit or one of his choosing. *Jamal v. Cuomo*, 234 F.3d 1273, 1273 (7th Cir. 2000); *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988). The additional restrictions Plaintiff allegedly faced following his transfer to a segregative housing unit implicates procedural due process concerns only if those restrictions amounted to an "atypical and significant" deprivation in relation to the "ordinary incidents" of pretrial confinement. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Miller*

*v. Dobier*, 634 F.3d 412, 415-16 (7th Cir. 2011) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause."). Plaintiff's main complaint appears to be that he did not have access to a television or other privileges while so housed. *E.g.*, (Doc. 157 at 1) ("[S]eg. restricts an inmate's privileges," such as dayroom, tv/tablets); (Doc. 154-2 at 5) (responding to a grievance officer's question about whether Plaintiff wanted to be housed in protective custody, "if it has a TV yes."). Access to those items in other housing units does not permit a reasonable inference that the conditions he endured while housed in segregation amounted to the deprivation required to trigger procedural protections of the Fourteenth Amendment.

To the extent that Plaintiff challenges the decision to house him in segregation, the record does not permit a reasonable inference that Defendant O'Melia was personally involved in the decision to reassign Plaintiff, and, absent such a showing, Plaintiff cannot hold Defendant O'Melia liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Notwithstanding Defendant O'Melia's lack of involvement, the record does not permit a reasonable inference that moving Plaintiff to a cell block that did not present the risks of harm Plaintiff faced in other housing units was objectively unreasonable—this decision falls squarely within the types of decisions for which the Court must afford deference to jail officials. *See Mays v. Dart*, 974 F.3d 810, 821 (7th Cir. 2020) ("Correctional officers similarly must have the freedom to quickly reassign inmates when fights or other emergency situations occur that threaten the safety of staff and inmates."). The Court finds that no reasonable juror could conclude that Defendant O'Melia violated Plaintiff's constitutional rights.

**PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (DOCS. 156, 158, 159, 164)**

Plaintiff filed a Motion for Leave to File Summary Judgment (Doc. 156) and three subsequent Motions for Summary Judgment (Docs. 158, 159, 164), collectively seeking an entry of summary judgment on all claims pending in this lawsuit. Plaintiff did not file these motions before the dispositive motions deadline expired on August 24, 2023.

Regarding Plaintiff's Motion for Leave to File, the Court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether any neglect was excusable, a court "should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). "Neglect is generally not excusable when a party should have acted before the deadline." *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015).

Plaintiff asserts that he lacked the funds available to purchase a stamp to mail his motion to the court. (Doc. 156 at 1). Plaintiff has been housed at Pickneyville Correctional Center since April 2023. *See* (Doc. 146). Pickneyville has e-filing capabilities with this Court, and, per the Court's Scheduling Order, inmates housed at such facilities must e-file documents with the Court. (Doc. 112 at 8, ¶ 27). Plaintiff does not allege issues with the e-filing system at Pickneyville, and his asserted inability to purchase a stamp does not appear to have hindered his ability to file a timely motion. Plaintiff's motion for leave is denied.

Plaintiff's subsequent motions for summary judgment do not comply with Fed. R. Civ. P. 56. Plaintiff does not support the facts he asserts in his motions with citations to the record or other evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Plaintiff's unsupported assertions are not sufficient for the Court to find that he is entitled to summary judgment on his pending claims. At

least with respect to Defendant O'Melia, Plaintiff cannot show that this defendant was personally involved in the constitutional deprivation he alleges even when the facts are viewed in the light most favorable to him. Plaintiff's motions for summary judgment are denied for failure to comply with the Court's deadlines and Fed. R. Civ. P. 56. *See Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015) (district courts are entitled to, and must, enforce deadlines).

### Defendants Gerischer and Ward

Defendants Gerischer and Ward did not move for summary judgment, and the deadline for doing so has since expired. The Court will accordingly set Plaintiff's claims against these defendants for trial.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions [156][158][159][162][164] are DENIED.**

2) **Defendant O'Melia's Motion for Summary Judgment [154] is GRANTED. Defendant O'Melia is dismissed with prejudice. Clerk is directed to terminate this defendant.**

3) **Final Pretrial Conference set for May 2, 2024, at 2:00 p.m. and Jury Trial set for May 13-15, 2024, at 9:00 AM, BOTH in Courtroom C before U.S. Magistrate Judge Jonathan E. Hawley.**

4) **The parties' joint Proposed Final Pretrial Order is due on or before April 18, 2024. The Proposed Final Pretrial Order shall include as exhibits a list of each parties' witnesses and whether they will appear in person or by video; a joint list of exhibits, if any, to which the parties agree to their admissibility; a list of exhibits to which a party objects and the basis for the objections; joint jury instructions on which the parties agree; and each party's own instructions to which another party objects. The combination of the joint instructions and each party's separately offered instructions should, in that party's view, constitute all the instructions the Court would give to the jury. If a party objects to another party's instruction, it should offer an alternative instruction, unless the party believes that the particular instruction should not be given at all.**

5) **Motions *in limine* due on or before April 4, 2024, and responses thereto due on or before April 18, 2024.**

6) **Clerk is directed to issue a writ for Plaintiff's personal appearance at the Final Pretrial Conference. No writs shall issue for the Jury Trial at this time.**

Entered this 19th day of January, 2024.

*s/Jonathan E. Hawley*
JONATHAN E. HAWLEY
UNITED STATES MAGISTRATE JUDGE
